IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRIAN S. KEENER,** :  | |
| **Plaintiff** : | |
| : | |
| v. : | No. 10-cv-0477 |
| : | |
| **BRIAN M. TORKAR,** : | (Judge Conner) |
| *individually and in his capacity* : | |
| *as a Pennsylvania State Police* : | **Electronically Filed** |
| *Trooper*, **and SEAN TAYLOR,** : | |
| *individually and in his capacity* : | |
| *as a Pennsylvania State Police,* : | |
| **Defendants** : | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Brain M. Torkar and Sean Taylor, by their counsel, Lisa Wojdak Basial, Senior Deputy Attorney General, Office of Attorney General, respond to the averments in Plaintiff's Complaint as follows:

**FIRST DEFENSE**

1. This paragraph contains conclusions of law, to which no response is required. To the extent they are deemed factual, they are denied.

2. ADMITTED in part; DENIED in part. It is admitted that at all times relevant hereto, Defendants Torkar and Taylor were acting in their capacity as law officers and employees of the Pennsylvania State Police, and were acting under color of state law by virtue thereof. It is further admitted that York Hospital is located at 1001 South George Street, in the City and County of York. It is denied

that on Sunday, August 31, 2008, at approximately 1:30 a.m. Plaintiff was violently attacked inside York Hospital by Defendant Torkar. It is furthered denied that Defendant Taylor assisted Defendant Torkar in violating Plaintiff's rights and later engaged in an attempted cover up of Defendant Torkar's gross misconduct. The remainder of this paragraph contains conclusions of law, to which no response is required. To the extent they are deemed factual, they are denied.

    3.    ADMITTED.

    4.    DENIED. It is denied that Plaintiff consumed one (1) beer prior to his arrest. It is further denied that the fact that Plaintiff only had one (1) beer prior to his encounter with Defendant Torkar and was not intoxicated was confirmed by the blood alcohol analysis done on Plaintiff's blood done at York Hospital. Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff was before he was arrested. Therefore this allegation is denied.

    5.    DENIED. It is denied that after Plaintiff left Club XS, he was followed for several miles by the police cruiser operated by Defendant Torkar before Defendant Torkar pulled Plaintiff over for allegedly making a left turn without using a turn signal.

6. ADMITTED in part; DENIED in part. It is admitted that, after Defendant Torkar stopped Plaintiff for allegedly making a left hand turn without using a turn signal, Defendant Torkar requested Plaintiff to perform a field sobriety test. It is denied that Plaintiff successfully performed the field sobriety test, that he was not intoxicated, and that Defendant Torkar in any way inaccurately claimed that Plaintiff failed said field sobriety test.

7. ADMITTED in part; DENIED in part. It is admitted that after Plaintiff failed said sobriety test, Defendant Torkar handcuffed Plaintiff outside his vehicle and arrested Plaintiff for driving under the influence of alcohol. It is denied that Defendant Torkar, in any way, inaccurately claimed that Plaintiff failed said field sobriety test, that Plaintiff did not exhibit any indicia of intoxication, and that Plaintiff had only consumed one (1) beer at any time relevant to this case.

8-9. ADMITTED.

10. DENIED. It is denied that during the ride to the hospital that Defendant Torkar and Plaintiff had no conversation and that Defendant Torkar has misrepresented that Plaintiff stated that if he refused to consent to blood testing that Defendant Torkar wouldn't have proof that Plaintiff was "drunk and high." It is further denied that Plaintiff never made this statement to Defendant Torkar and that Plaintiff was not "drunk and high" at any time relevant to this matter. It is

further denied that the analysis done on Plaintiff's blood showed that Plaintiff was not intoxicated at any time relevant to this matter.

11-12. ADMITTED.

13. DENIED. It is denied that, angered at Plaintiff's indecision and/or refusal to submit a blood sample, Defendant Torkar pulled Plaintiff from the seat in the phlebotomist's room, clubbed and rehand-cuffed Plaintiff and proceeded to club and beat Plaintiff mercilessly, causing the serious injuries discussed herein.

14. DENIED. It is denied that Plaintiff was repeatedly struck in the face with a baton by Defendant Torkar before Plaintiff was hand-cuffed, and repeatedly punched and kicked by Defendant Torkar after Plaintiff was hand-cuffed. It is further denied that, in addition, after Plaintiff was hand-cuffed Defendant Torkar tased Plaintiff.

15. DENIED. It is denied that, after Plaintiff was hand-cuffed and Defendant Taylor physically assaulted, punched, kicked and tased Plaintiff.

16. DENIED. It is denied that there was an attack upon Plaintiff by Defendants Torkar and/or Taylor. It is furthered denied that the use of force necessitated by Plaintiff's conduct caused great, serious and permanent injuries to Plaintiff.

17. ADMITTED in part; DENIED in part. It is admitted that Plaintiff defecated in his pants. It is denied that the use of a taser, including the use of a taser on a hand-cuffed suspect, is considered deadly force along the use of force continuum. It is further denied that Plaintiff was not allowed to clean up for approximately twelve (12) hours. Defendants are without knowledge or information sufficient to form a belief as to whether the use of the taser on Plaintiff caused Plaintiff to defecate in his pants. Therefore, this allegation is denied.

18. DENIED. It is denied that Defendants Torkar and Taylor beat the Plaintiff mercilessly and then entered into a conspiracy to prosecute Plaintiff for certain crimes which both Defendants Torkar and Taylor knew Plaintiff did not commit. It is further denied that before Plaintiff's arraignment, or at any other time, Defendants taunted Plaintiff by threatening to send him to state prison where he would be "fucked."

19. DENIED. It is denied that during the aforesaid beating, and later, Defendant Torkar repeatedly called Plaintiff "faggot" and "queer," evincing his evil intent to deprive Plaintiff of his civil rights due to Defendant Torkar's prejudice against and hatred of men he perceives as homosexual.

20. DENIED. It is denied that there was an attack by Defendants' Torkar and Taylor on Plaintiff. It is further denied that Plaintiff had done nothing to provoke the use of force by Defendants Torkar and Taylor.

21. DENIED. It is denied that Defendant Torkar beat Plaintiff relentlessly and mercilessly, including while he was hand-cuffed, hitting him in the head, mouth, face and body with baton, fist, foot, and taser gun and ramming his head and body into the walking surface, causing wounds, broken bones, broken teeth and/or required dental work, contusions, lacerations and/or bruises to his face and requiring medical attention, and dental work. The remainder of this paragraph contains conclusions of law to which no response is required. To the extent they are deemed factual, they are denied.

22. DENIED. It is denied that Plaintiff suffered any injuries or damages as a result of wrongful conduct of the Defendants. Defendants are without knowledge or information sufficient to form a belief as to what, if any, injuries Plaintiff suffered as a result of the use of force necessitated by his conduct. Therefore this allegation is denied.

23. This paragraphs contain conclusions of law, to which no response is required. To the extent they are deemed factual, they are denied.

24. ADMITTED in part; DENIED in part. It is admitted that Plaintiff's blood was ultimately taken at York Hospital. It is denied that Plaintiff was beaten for refusing to allow testing of his blood, that he was mercilessly beaten, and the results his blood test showed that he was not intoxicated.

6

25-29.   These paragraphs contain conclusions of law and statements of venue to which no response is required.  To the extent they are deemed factual, they are denied.

30-31.   ADMITTED.

32.   ADMITTED in part; DENIED in part.  It is admitted that all actions and/or omissions performed by Defendants Torkar and Taylor were purportedly in the name of the Pennsylvania State Police Department, and were under the color of state law.  It is denied that their conduct was outside their authority, outside their jurisdiction, and was ultra vires.

33-35.   These paragraphs contain conclusions of law, to which no response is required.  To the extent they are deemed factual, they are denied.

36.   ADMITTED in part; DENIED in part.  It is admitted that York Hospital is located at 1001 South George Street, in the City and County of York and that at all time relevant hereto, Defendants Torkar and Taylor were acting in their capacity as law officers and employees of the Pennsylvania State Police, and were acting under the color of state law by virtue thereof.  It is denied that on Sunday, August 31, 2008, at approximately 1:30 a.m. Plaintiff was violently attacked inside York Hospital by a police officer/corporal namely Defendant

7

Torkar. The remainder of this paragraph contains conclusions of law to which no response is required. To the extent they are deemed factual, they are denied.

37. ADMITTED.

38. DENIED. It is denied that Plaintiff consumed one (1) beer prior to his arrest. It is further denied that the fact that Plaintiff only had one (1) beer prior to his encounter with Defendant Torkar and was not intoxicated was confirmed by the blood alcohol analysis done on Plaintiff's blood done at York Hospital. Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff was before he was arrested. Therefore this allegation is denied.

39. DENIED. It is denied that after Plaintiff left Club XS, he was followed for several miles by the police cruiser operated by Defendant Torkar before Defendant Torkar pulled Plaintiff over for allegedly making a left turn without using a turn signal.

40. ADMITTED in part; DENIED in part. It is admitted that after Defendant Torkar stopped Plaintiff for allegedly making a left hand turn without using a turn signal, Defendant Torkar requested Plaintiff to perform a field sobriety test. It is denied that Plaintiff successfully performed the field sobriety test that he was not intoxicated, and that Defendant Torkar in any way inaccurately claimed that Plaintiff failed said field sobriety test.

41.     ADMITTED in part; DENIED in part.  It is admitted that after Plaintiff failed said sobriety test, Defendant Torkar handcuffed Plaintiff outside his vehicle and arrested Plaintiff under the influence of alcohol.  It is denied that Defendant Torkar inaccurately claimed that Plaintiff failed said sobriety test, that Plaintiff did not exhibit any indicia of intoxication, and that Plaintiff had only consumed one (1) beer relevant to this case.

42-43.     ADMITTED.

44.     DENIED.  It is denied that during the ride to the hospital that Defendant Torkar and Plaintiff had no conversation and that Defendant Torkar has misrepresented that Plaintiff stated that if he refused to consent to blood testing that Defendant Torkar wouldn't have proof that Plaintiff was "drunk and high."  It is further denied that Plaintiff never made this statement to Defendant Torkar and that Plaintiff was not "drunk and high" at any time relevant to this matter.  It is further denied that the analysis done on Plaintiff's blood showed that Plaintiff was not intoxicated at any time relevant to this matter.

45-46.     ADMITTED.

47.     DENIED.  It is denied that, angered at Plaintiff's indecision and/or refusal to submit a blood sample, Defendant Torkar pulled Plaintiff from the seat

in the phlebotomist's room, clubbed and rehand-cuffed Plaintiff and proceeded to club and beat Plaintiff mercilessly, causing the serious injuries discussed herein.

48. DENIED. It is denied that Plaintiff was repeatedly struck in the face with a baton by Defendant Torkar before Plaintiff was hand-cuffed, and repeatedly punched and kicked by Defendant Torkar after Plaintiff was hand-cuffed. It is further denied that, in addition, after Plaintiff was hand-cuffed Defendant Torkar tased Plaintiff.

49. DENIED. It is denied that, after Plaintiff was hand-cuffed and Defendant Taylor physically assaulted, punched, kicked and tased Plaintiff.

50. DENIED. It is denied that there was an attack upon Plaintiff by Defendants' Torkar and/or Taylor. It is furthered denied that the use of force necessitated by Plaintiff's conduct, caused great, serious and permanent injuries to Plaintiff.

51. ADMITTED in part; DENIED in part. It is admitted that Plaintiff defecated in his pants. It is denied that the use of a taser, including the use of a taser on a hand-cuffed suspect, is considered deadly force along the use of force continuum. It is further denied that Plaintiff was not allowed to clean up for approximately twelve (12) hours. Defendants are without knowledge or

information sufficient to form a belief as to whether the use of the taser on Plaintiff caused Plaintiff to defecate in his pants. Therefore this allegation is denied.

52.     DENIED. It is denied that Defendants' Torkar and Taylor beat the Plaintiff mercilessly and then entered into a conspiracy to prosecute Plaintiff for certain crimes which both Defendants' Torkar and Taylor knew Plaintiff did not commit. It is further denied that before Plaintiff's arraignment, or at any other time, Defendants taunted Plaintiff by threatening to send him to state prison where he would be "fucked."

53.     DENIED. It is denied that during the aforesaid beating, and later, Defendant Torkar repeatedly called Plaintiff "faggot" and "queer," evincing his evil intent to deprive Plaintiff of his civil rights due to Defendant Torkar's prejudice against and hatred of men he perceives as homosexual.

54.     DENIED. It is denied that there was an attack by Defendants Torkar and Taylor on Plaintiff. It is further denied that Plaintiff had done nothing to provoke the use of force by Defendants' Torkar and Taylor.

55.     DENIED. It is denied that Defendant Torkar beat Plaintiff relentlessly and mercilessly, including while he was hand-cuffed, hitting him in the head, mouth, face and body with baton, fist, foot, and taser gun and ramming his head and body into the walking surface, causing wounds, broken bones, broken

teeth and/or required dental work, contusions, lacerations and/or bruises to his face and requiring medical attention, and dental work. The remainder of this paragraph contains conclusions of law to which no response is required. To the extent they are deemed factual, they are denied.

56. DENIED. It is denied that Plaintiff suffered any injuries or damages as a result of wrongful conduct of the Defendants. Defendants are without knowledge or information sufficient to form a belief as to what, if any, injuries Plaintiff suffered as a result of the use of force necessitated by his conduct. Therefore this allegation is denied.

57. This paragraphs contain conclusions of law, to which no response is required. To the extent they are deemed factual, they are denied.

58. ADMITTED in part; DENIED in part. It is admitted that Plaintiff's blood was ultimately taken at York Hospital. It is denied that Plaintiff was beaten for refusing to allow testing of his blood, that he was mercilessly beaten, and that the results his blood test showed that he was not intoxicated.

59. This paragraphs contain conclusions of law, to which no response is required. To the extent they are deemed factual, they are denied.

60-63. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in these paragraphs. Therefore these allegations are denied.

64. ADMITTED in part; DENIED in part. It is admitted that Plaintiff's blood was ultimately taken at York Hospital. It is denied that Plaintiff was beaten for refusing to allow testing of his blood, that he was mercilessly beaten, and that the results his blood test showed that he was not intoxicated

65. Defendants incorporate by reference their responses to paragraphs 1-64, inclusive, as the fully set forth herein.

66-68. These paragraphs contain conclusions of law to which no response is required. To the extent they are deemed factual, they are denied.

69. Defendants incorporate by reference their responses to paragraphs 1-64, inclusive, as the fully set forth herein.

70-71. These paragraphs contain conclusions of law to which no response is required. To the extent they are deemed factual, they are denied.

## SECOND DEFENSE

72. The Complaint fails to state any claim upon which relief may be granted.

## **THIRD DEFENSE**

73.     Defendants are immune from liability by virtue of absolute, qualified, official, governmental, state, sovereign or any other immunity.

## **FOURTH DEFENSE**

74.     Keener's injuries were due to his own actions.

                                          **Respectfully submitted,**

                                          **THOMAS W. CORBETT, JR.**
                                          **Attorney General**

                            By:   *s/Lisa Wojdak Basial*
                                          **LISA WOJDAK BASIAL**

**Office of Attorney General**      **Senior Deputy Attorney General**
**15th Floor, Strawberry Square**    **Attorney ID 71554**
**Harrisburg, PA 17120**
**Phone: (717) 787-7157**        **SUSAN J. FORNEY**
**Fax:   (717) 772-4526**         **Chief Deputy Attorney General**
**lbasial@attorneygeneral.gov**     **Chief, Civil Litigation Section**

**Date:  June 1, 2010**               **Counsel for Defendants**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN S. KEENER,** | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | No. 10-cv-0477 |
| | : | |
| **BRIAN M. TORKAR,** | : | (Judge Conner) |
| *individually and in his capacity* | : | |
| *as a Pennsylvania State Police* | : | **Electronically Filed** |
| *Trooper*, **and SEAN TAYLOR,** | : | |
| *individually and in his capacity* | : | |
| *as a Pennsylvania State Police,* | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Lisa Wojdak Basial, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on June 1, 2010, I caused to be served a true and correct copy of the foregoing document titled **Defendants' Answer to Plaintiff's Complaint** by electronic filing to the following:

    Jeffrey R. Lessen, Esq.
    Mark T. Richter, Esq.
    Jeffrey R. Lessin & Assoc., P.C.
    Two Penn Center, Suite 600
    1500 J.F.K. Boulevard
    Philadelphia, PA 19102
    *Counsel for plaintiff*

                      *s/Lisa Wojdak Basial*
                      **LISA WOJDAK BASIAL**
                      Senior Deputy Attorney General