IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN S. KEENER**, | : | CIVIL ACTION NO. 1:10-cv-0477 |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **BRIAN M. TORKAR**, individually and in his capacity as a Pennsylvania State Police Trooper, and **SEAN TAYLOR**, individually and in his capacity as a Pennsylvania State Trooper | : | |

## ORDER

AND NOW, this 18th day of January, 2012, upon consideration the motion (Doc. 38) *in limine* filed by defendants Brian M. Torkar ("Torkar") and Sean Taylor ("Taylor") to preclude reference to alleged anti-homosexual comments made by defendant Torkar, wherein defendants argue that the alleged anti-homosexual statements are irrelevant and would confuse and duly prejudice the jury in contravention of Federal Rules of Evidence 401, 402, and 403, and upon further consideration of the response thereto (Doc. 42) filed by plaintiff Brian S. Keener ("Keener"), wherein Keener asserts that the evidence is squarely relevant to his claims and not likely to confuse or unduly prejudice the jury, and the court noting that relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," FED. R. EVID. 401, but "that relevant evidence may be excluded if its probative value is substantially outweighed

by the danger of unfair prejudice, confusion of the issues, or misleading the jury," FED. R. EVID. 403, and the court further noting evidence should rarely be excluded *in limine* pursuant to Rule 403 because "[a] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence," In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1999), and the court concluding that the evidence is relevant to, *inter alia*, (1) assessing the credibility of Torkar's account of the circumstances that prompted his use of force;[1] and (2) to show Torkar's alleged evil motive or intent for Keener's punitive damages claims,[2] and the court further concluding that it cannot fairly ascertain whether the probative value of Torkar's alleged anti-homosexual comments is substantially outweighed by the danger of unfair prejudice or confusion without the context of a "specific trial situation" Am. Home Assur. Co. v. Sunshine Supermarket, Inc., 753 F.2d 321, 324 (3d Cir. 1985), it is hereby ORDERED that:

---

[1] The Supreme Court has held that "in assessing the credibility of an officer's account of the circumstances that prompted the use of force, a factfinder may consider, along with other factors, evidence that the officer may have harbored *ill-will* toward the citizen." Graham v. Connor, 490 U.S. 386, 399 n. 12 (1989) (emphasis added).

[2] Keener can recover punitive damages against individual state actors under 42 U.S.C. § 1983 "upon a showing that the conduct was motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Russoli v. Salisbury Tp., 126 F. Supp. 2d 821, 873 (E.D. Pa. 2000) (citations and quotations omitted).

1. The motion (Doc. 38) is DENIED without prejudice.

2. Counsel for Keener shall refrain from mentioning Torkar's alleged anti-homosexual statements in opening statements or thereafter, unless the matter is properly addressed at side bar and the court deems such evidence admissible at that time.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge